**SO ORDERED.**

**SIGNED this 1st day of March, 2013.**


UNITED STATES BANKRUPTCY JUDGE



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROYAL TOURS, INC. | ) | Case No. 10-12057 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| GERALD S. SCHAFER, | ) | |
| TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| vs. | ) | 12-02037 |
| | ) | |
| PATSY M. HILLIARD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **MEMORANDUM OPINION**

THIS MATTER came before the Court on February 14, 2013, in Greensboro, North Carolina upon Motion by Plaintiff for Summary Judgment. Gerald S. Schafer appeared as the Chapter 7 Trustee and attorney for the Chapter 7 Trustee. The Defendant, Patsy Hilliard, appeared pro se. After considering the motion, evidence on the record, and arguments of

1

counsel, this Court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

## JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) which this Court may hear and determine.

## FACTS

The facts are not in dispute.  Royal Tours, Inc., ("Royal Tours" or "Debtor") filed a Chapter 11 petition on November 12, 2010.   On February 22, 2011, the case converted to Chapter 7.  The Chapter 7 Trustee ("Trustee") filed an adversary proceeding on June 11, 2012.  In the complaint, the Trustee seeks $52,500.00 from Patsy Hilliard ("Defendant") pursuant to 11 U.S.C. §§ 547, 549 and 550.

Lee Hilliard and Patsy Hilliard married on April 23, 1975.  They were both officers of the Debtor.  Lee and Patsy Hilliard entered into a Separation Agreement and Property Settlement ("Separation Agreement") on August 5, 2008.  In the Separation Agreement, Lee Hilliard and Defendant agreed that Defendant would resign as a director and officer of the Debtor and Defendant agreed to a cash payment in lieu of equitable distribution ("Cash Distribution").  The relevant provisions of the Cash Distribution in the Separation Agreement are:

> …The Husband, by and through Royal Tours, has tendered a single payment of $3,500.00 to the Wife, the receipt of which is hereby acknowledged.  A lump sum of $42,000.00 shall be paid by the Husband through Royal Tours contemporaneously with the execution of this Agreement.  In addition to the above-said sums paid to wife, the Husband, by and through Royal Tours, Inc., shall also pay Wife for the purpose of

> liquidating and redeeming the Wife's forty thousand (40,000) shares interest in the corporation, consideration of Three Hundred One Thousand Six Hundred Fifty-Seven Dollars and Eighty-Seven Cents ($301,657.87) at an interest rate of 5% per annum payable over 9 years by delivery of a promissory note to Wife … Upon such delivery, Husband, by and through corporation, shall pay 107 monthly payments of $3,500.00 per month beginning September 1, 2008 and the first of every month thereafter and one final payment of principal and interest of $3,500.44 due on July 1, 2017 for a total payment of principal and interest of Three Hundred Seventy-Four Thousand Five Hundred and 44/100 Dollars ($374,500.44) for said corporate shares and to satisfy the distributive share due to the Wife … This agreement is in full satisfaction of any claims by Wife for equitable distribution, property division or any other property claims whatsoever.

The monies of that Cash Distribution were paid to Defendant by the Debtor as agreed in the Separation Agreement until the Debtor converted to a Chapter 7 proceeding.

The standard for summary judgment is set forth in Fed. R. Civ. P. 56, which is made applicable to this proceeding by Federal Bankruptcy Procedure Rule 7056, and provides that the movant will prevail on a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Trustee alleges that pursuant to 11 U.S.C. § 547, the twelve monthly $3500.00 payments paid to Defendant by Royal Tours in the twelve months immediately preceding the bankruptcy filing are preferences, and the Trustee argues that he is entitled to summary judgment as a matter of law. The trustee may avoid any transfer of an interest of the debtor in property:

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made – (A) on or within 90 days before the date of the filing of the petition; or (B) between ninety days and one year before the date of the

3

>filing of the petition, if such creditor at the time of such transfer was an insider; and
>(5) that enables such creditor to receive more than such creditor would receive if – (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).  Trustee's claim for preferences fails as a matter of law.  The debt paid through the Debtor by Lee Hilliard to the Defendant was not a debt owed by the Debtor.  The debt was a debt owed by Lee Hilliard to the Defendant as part of a Cash Distribution in the Separation Agreement.  As such, the Trustee is not entitled to a judgment as a matter of law for the twelve $3500.00 monthly payments paid by the Debtor immediately preceding the filing of the Petition.

Trustee also alleges that pursuant to 11 U.S.C. § 549, Trustee is entitled to the three $3500.00 monthly payments made post-petition in the months of December 2010, January 2011 and February 2011 by the Debtor to the Defendant before the Debtor converted to a Chapter 7 case.  The trustee may avoid a transfer of property of the estate - (1) that occurs after the commencement of the case; and (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court.  11 U.S.C. § 549(a).  An action or proceeding under 11 U.S.C. § 549 may not be commended after the earlier of – (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed.  11 U.S.C. 549(d).  There is no dispute that Defendant received three $3500.00 monthly payments from Debtor post-petition for the months of December 2010, January 2011, and February 2011 that were not authorized by the Bankruptcy Code or by this Court.  As such, as a matter of law, Trustee's claim for monies pursuant to 11 U.S.C. § 549(a) is awarded.

## **CONCLUSION**

There are no genuine issues of material facts. As such, as a matter of law, the Trustee's 11 U.S.C. § 547 claim fails and the Trustee's 11 U.S.C. § 549 claim is granted. Based upon the forgoing reasons, it is ORDERED that the Trustee's Motion for Summary Judgment is GRANTED in part and DENIED in part.

The Court will enter a judgment consistent with the findings of fact and conclusions of law as set forth in this memorandum opinion.

**END OF DOCUMENT**